at all, number 15-3089, Mr. Thomas and Mr. Freiman. Whenever you're ready. May it please the court, Nelson Thomas on behalf of the appellants in this matter. I would like to reserve three minutes for rebuttal if that's possible. Thank you. The question here, obviously, you want to get a class certified. And there's a lot of persons who have opted in and want to be part of this. But is the way you're going about it now, in light of what happened in Canese, is that the correct path? Or aren't you really, in effect, precluding by the prior decision that we did in Canese? No, Your Honor. May I just make one little corrective? It's not a class you want, it's a collective action. A collective action, I'm sorry. Because that does blend in. No, I'm using 23, obviously. I mean, it's a collective action. The conditional certification was decertified because there are so many differences in terms of employers, supervisors, departments, etc. And it seemed like that was a decent enough reason. But we never get to the merits because the last time you tried to make, or whoever it was, tried to make a final order, what was, in effect, an interlocutory order. And that seems to be, to some extent, where we are today. Yes, Your Honor. I would actually say I want something less right now than what you set forth. All we want right now, and all we wanted the first time around, was a pellet review on a proper record of the class certification decision. It's not a class certification. I teach a class actions course, which is why I'm picky in part about this. But it goes well beyond that because analogies to Rule 23 situations are far, far more than imperfect when we're talking about the bare statute that gives us collective actions. Do you agree with that? Yes, and certainly this Court in Comice analogized those two together and said practically they were the same. But I agree with Your Honor, that is not always the case. So the opt-in plaintiffs here, their claims were dismissed without prejudice to refiling individual actions, right? That's correct. They can still file an individual action. Yes, but they would not be able to, that procedure would effectively insulate a class D certification from a pellet review, which would be inappropriate. Let's say they refiled an individual action. There's a common thread through all of this, which is how do you get a pellet review of this decision? If they went and filed their individual action, collective action decision, if they filed an appeal, let's say they refiled their cases individually. And they'll seek conditional certification then? No, they can't because she has, in this case, dismissed those claims. So how can they refile them when it's already been litigated that that is improper? All right, well, you've pointed to a problem. For purposes of argument, I'll concede to you the existence of a problem as you've characterized it. But it's up to you to identify what the final order or appealable order here is for purposes of 1291. What is it? The appealable order here is the dismissal of the collective action with prejudice. What she did without prejudice was they could refile their individual claims. But how do we get to that order? That's the November order, is it not? Correct. And I would say we thought, again, it was our decision, we thought you could get through it by a voluntary dismissal. The answer to that was no. Okay, but you're now asking us to review the November 6, 2014 order. Correct. That said that the decision on Halley was precluded by the court's prior decision in Knutsov. Okay? Correct. All right. But how do we get to that? You get to that. You didn't appeal that in a timely fashion, and you couldn't because it was interlocutory at that point. Okay, now we have another order of July 27, 2015. Is that final? I believe it is because she dismissed Judge Bassoon, dismissed the opt-in claims or the collective action claims with prejudice. The only thing that could happen is we could refile an individual claim shorn of collective action allegations. Was there a final judgment? Correct. Was there a final judgment? There was not a final judgment. All right. How do we get a jurisdiction over that order without a final judgment? Because under Harris, the administrative closure for all practical purposes terminated litigation. What law says administrative closures are final judgments? In fact, our case, I think it was Penn West. He wrote it, I think, didn't he? In a Wayback Machine. Yeah. We held that an order merely directing the case be closed administratively is not a final order. And, Your Honor, I understand. Obviously, that ruling is there. However, this Court has also been clear that the terminology does not matter as much as whether everything has been done. And that is Harris v. Kellogg, Brown and Root Services. I understand that if this case needs to go back for it to be finally closed with a final judgment entered, that can be done. But I don't know that that advances a ball, and I don't know that that's consistent with Harris. I do understand the concern, but I don't know that that's consistent with Harris. All right. Let's assume that you either went back and got that judgment, that final judgment entered, or we looked at this and gave it practical finality. Why isn't this case moot? Because, as Judge Smith noted, collective actions are different in Rule 23 cases. Hallie accepted Rule 68 offer, didn't he? He did. And he settles. He settles. He's out of it. He's not involved in this appeal. Correct. But, Judge Smith, as you know, in terms of class action, the collective action members are party plaintiffs, and their cases were thrown out. And their concern is that if they refiled, without prejudice, if they refiled an individual case, imagine what would happen if I came in front of you all two years from now with their individual case, and I said, I'm appealing the denial of collective action certification. You know what the appellees would say and what letter I would get from this court, what order I would get from this court. You would say to me, and what order are you appealing? I'd say, well, I'm appealing the decertification of collective action, and I would hear back, that was in a different case, and you didn't appeal it. Right? Isn't that exactly where I would be? What would happen if you were able, and I don't know if this is possible, to limit the number of plaintiffs in the collective action that you seek to those with the same supervisors, the same department, the same employer, so that maybe you only have 40 as opposed to 800? Is that a possibility, or is that just not economical for you? That is absolutely a possibility, and in fact, that's why we need an appellate record here. Because one of the answers from the court below, or one of the points that may be made is yes, the class as originally constituted is too big, and it needs to be reduced in size. But you can't make that determination now because what we have is a 12B6 dismissal. A 12B6 dismissal is your preclusion, and I would say to you this is a very practical problem. If you allow this procedure to go forward, you know what happens in future cases? The court will deny, when the court does deny collective action certification, the defendant extends offers of judgment to the named plaintiffs. The named plaintiffs are gone, and there can be no appellate review. Well, we know the problem of picking off, but that's at the very least conjecture of what will happen. We're confronted with what has happened here. And one curiosity that strikes me is with respect to the appellants, I think they filed opt-in consents that bear language of authorization and designation to the named plaintiffs, don't they? I mean, don't those read, they authorized and designated the named plaintiffs to act on my behalf concerning the litigation and all other matters pertaining to this lawsuit. Am I right? Does that indicate that in doing so, the appellants have really waived whatever right they may have to pursue appeals apart from what Mr. Halley had? If Mr. Halley had accepted a judgment that precludes everyone's claim, that would be an issue. He accepted an offer of judgment to his claim only. And the defendants in this case could have extended offers of judgment to everyone. And that would have created a mootness issue and a finality issue and all that. They chose to extend it only to these individuals and to pick off the lead plaintiffs. But there must still be an avenue for appellate review. If it was not okay in the first stage, then it has to be here. Because I see no other way in which there can be appellate review later. Because if there is no appellate review now and John Smith, opt-in plaintiff, refiles a claim, even after judgment, he can't appeal because there was no order in his case, just as a practical matter. Let me ask you something that isn't so much a practical matter. But how much of the problem we're talking about is a function of the structure of the statute and the lack of any kind of procedural rules, enabling rules, what have you, in terms of how these cases are processed? It is, I would agree, more of a common law decision than a statutory one. Well, the only thing, to the extent common law is an accurate, I suppose, way of describing it, the only procedure we have established is case law. There's no procedural rule. The rule's a civil procedure. And the only rule that I can even think of possibly would be Rule 24, intervention. And that would really require that you get approval from the court before you can intervene. And that can't be the rule for appellate jurisdiction that the district court and the defendants decide whether there will be appellate review of a class certification decision. That can't be the rule. And that's not the rule under Supreme Court precedent. Again, for purposes of argument, I'll cede you the point that you've got some practical problems here. But we cannot and don't invent jurisdiction. But you do, and Your Honor, may I continue? Go ahead. You do have due process requirements. And due process requirements, I think, entail the right to appellate review of a class. The plaintiff actually is an individual. Is there any joinder to that that your individual plaintiffs still have their own rights of action, absent the existence of the collective action? So how is due process implicated in that when they have the same rights they would have had in the absence of someone's attempt to invoke the collective action mechanism? If this Court is willing to hold that there is no due process right to appellate review of collective action, decertification of the case... So it's asked us to hold that, have they? I mean, is this the first that due process has been invoked? Well, I think if you go back to Cooperson-Lybrand and other Supreme Court decisions, even this Court's decision in Kamisi, I don't think there's any dispute that a collective action decertification decision is at some point entitled to appellate review. That, too, is not the point. I don't think any of the questions have suggested to the contrary. And I agree because I think that holding... Why not just go forward with, let's say there's been a decertification of a conditional certification. Why not go forward with a few and then what you do is, assuming you lose, if you do lose, then you would appeal and thereby get review also of the decertification order because then you would have at least a few people resolved on the merits. That would seem to be a possibility, would it not? Not under Judge Bassoon's decision because she threw everyone out. The problem is they would have to start a new action. And by starting a new action, I think it would be more problematic. Well, she threw them out because of what happened in Kuznetsov and the case before that. Also, she had another case, like a bill or whatever it was called. So there's a number of the cases brought, but it appears to the District Court that there's just too many dissimilar plaintiffs in order to have this mechanism called a collective action. And Judge Amber, I agree. I don't hold out much hope that Judge Bassoon is going to reach to certify the entire class. However, we are entitled to have a record before this Court as to why she decertified everything or certified what she did or broke it into subclasses. That practically is the issue that I am raising here. Looking to the guidance in Comice. Couldn't the appellants here have sought another form of certification? Couldn't they have sought to certify an appeal? But that is not an appeal of right. I beg your pardon? That is not an appeal of right. I understand that. Sure, we could have, but that doesn't guarantee. Well, if you're that desperate and you can see that you have, that some of the problems here are a function of the structure or lack of it of a statute and of rules, it seems to me that doesn't really require considerable creativity, especially if Comice has suggested its availability. It certainly doesn't, but it doesn't eliminate if either the District Court or this Court does not agree to the certification, it does not resolve the issue of how does an aggrieved party appeal on a proper record a collective action decertification. I think we're all in agreement that that needs to happen at some point in some way. Now, I think it's much harder to imagine that happening in a case where the party has been dismissed and has re-filed their own claim. This Court has said it can't happen on a voluntary dismissal. What this Court said in Comice is it can happen after there has been a judgment as to the merits as to the opt-in plaintiff's claim, which there was here, and it was brought. So we are following what this Court has said is the procedure in Comice. And if this Court rejects jurisdiction here, then there is a very clear path for parties and District Courts to insulate themselves from collective action decertification reviews, and I think we're all – I don't think there's any dispute that is not appropriate. Let's get you back on rebuttal. Thank you. And we'll hear from Mr. Freiman. Good morning, Your Honors. David Freiman, Dallas Fargo. With me at Council Table is Beth McManus. Your Honors, I see here multiple false premises on which Mr. Thomas' argument is based. The first is this notion that there is a collective action claim. The collective action – it's a procedural vehicle. It is a procedural vehicle. They have at all times had their claims. Their claims are intact. This notion that they're unable to revive the collective action claim I think is a fallacy. They have their claims. Their claims are intact, and they could have filed those claims. But the problem that they're having is, from a practical standpoint, how he is – I'm going to use a pejorative term, but I don't mean it that way – bought off. Cashed out. He's cashed out, and they're saying it's their right to appeal. And they're trying practically to get to the merits. They believe that they have a claim. How do they go about doing it? Well, that, Your Honor, leads to the second and third false premises that I think are present here. The second being that they hitched their fortunes, first in the Kuznetsov case to the Kuznetsov plaintiffs, and then in this case to Howe. They could have put their name on that caption. But instead – and they filed these opt-in consents right at the same time this complaint was filed. Or even amended the complaint downstream to become part of it, right? Absolutely. The collective action allegations that we're calling a collective action claim belong to Howe. He was the captain of this lawsuit ship, and before that the Kuznetsov plaintiffs were. Let me stop you right there. Again, I have so many more questions about collective actions than I have answers. Is a collective action a representative suit? Certainly it is not in the nature of Rule 23, and I think we all agree on that. But is it a representative suit? I would posit that, yes, it is, Judge. The language of Section 216B talks about on behalf of him or herself and those similarly situated. And that's representative language. That's language of representation. Right, and as a practical matter, when it comes to the certification analysis, again, I'm borrowing from Rule 23, but the Supreme Court has cautioned, you know, we borrow this Rule 23 nomenclature, but it's really a joiner of claims. But as a practical matter, when the district court is looking at certification, they're looking at, you know, is there a more practical way to try this action than having 800 trials? And it has representative testimony. When they are looking at the question of certification, they mean the district court, what kind of certification are they considering and or granting? Well, they're looking, I mean, the standard is similarly situated, and they're looking whether this case, as a practical matter, can be tried with representative testimony, representative plaintiffs, because the whole idea is we're not going to have 800 plaintiffs parade up here. We'd be here for months. So does that suggest that the statute is really more of a case management tool than anything else? I think that's a fair way to describe it, because, again, let's get to what I identify as false premise number three, that somehow the structure or the court or West Penn did anything to render this collective action, quote, claim inherently transitory, which is what Mr. Thomas is getting at here. But the plaintiff has to have some role here vis-à-vis the opt-ins, doesn't he? Yes. What is it? The role is to be the person whose name is on the caption, who is providing the representative testimony, who is being the one to say, look at me and compare me to all of these people who want to join in and have me proceed on their behalf. What sort of obligations does that entail with respect to the named plaintiff? I believe that, you know, with that comes the obligation of any party plaintiff. Well, any party plaintiff owes only an obligation to himself, right, absent the setting of a collective action. Especially since this is not a class action. Right. And that's where I get to that this is a bed of their own making, of their own choices. Because the SOP plaintiffs have the ability to have the decertification issue heard through the appropriate procedural vehicles, which is what this court held. They could have sought an interlocutory appeal. They could have litigated their own claims to final judgment. And then there would have been the opportunity to review that decertification decision. But once they didn't take any of those values, now we have this situation in which we find ourselves. And that is not something that was pending. Well, what about the 48 people, at least by my count, who weren't part of the Gunetsov action or part of the Haley action? Well, again, Judge, their claims, they had the right. They wouldn't have the same opportunity that you just said. But getting back to Judge Smith's point of what does this all mean, this collective action, at the end of the day, the only thing they get with that is this procedural right to have somebody bring up here and pursue the claim on their behalf because there's been a determination that this appellant's claim is just like mine. They don't even have to file a complaint, as the main plaintiff has. That's right. And if they want to pursue that claim, and now that ability for that person to proceed on their behalf because of choices that those plaintiffs have made in terms of how they pursued procedurally the lawsuit, they still have their claim, and they have always had their claim. And the fact that Mr. Thomas says, well, sure, we have the ability to go smaller, but they didn't. He can't just bring the same collective action and say, well, give me another bite of the apple and if Judge Bassoon doesn't like it, well, then we'll try the smaller one. Hallie could have pled here. I'm filing on behalf of, I'm a records clerk, I don't remember what Hallie is, in the records department at West Penn Hospital. So let's try the collective action on that basis. But that's not what he did. He went for that same system-wide, every hospital, every department, every employee subject to this particular policy. And so, you know, choices were made by plaintiffs, by plaintiffs' counsel, that cast this action in the ring. It's still a possible, easy way, theoretically, to do this. You have, let's say, 40-some people in a collective group who have the same department, the same supervisors, et cetera, the same employer, and you try one representative case. The trouble is that I doubt very much that the defendant here, West Penn, for example, would say the other 39 are really, we've got to try that one, we've got to try that one. And so they don't get the efficiencies that they're asking for. You've got persons here, you know, many, hundreds, with the same types of claims and what Mr. Thomas is saying, how do I get them resolved as to all of them? And I think the answer to that, we find that answer way back at Kutztown. Well, are they the same types of claims? Or, I mean, I'm not trying to be, I'm not trying to quibble here, but are they the same types of claims? I mean, we don't even require the same types of claims in a Rule 23 action. So are they just similar? Well, I believe it's that the opt-in plaintiffs and the plaintiffs are similarly situated. No, they're similarly situated with respect to. Well, the court made a finding that they weren't similarly situated. That's the problem here. Correct. And I think the answer was, and particularly if there is the urgency that Mr. Thomas has of, this really doesn't make sense for us to pursue these three individual claims, to try them, is to seek an interlocutory appeal. And what happens if the court says no? Then you've got to proceed on those individual claims. And that's the rules. And he could then try and take it up after that. Unless the court has any further questions. No further questions. Thank you. I'm going to ask you a dumb question as you come up. Let's say you were starting this all over again. What would you do differently? Not a legal question, just a practical question. I would not have bothered with the first appeal, with the voluntary dismissal, because it was a waste of time. And it makes this case appear to be worse than it is. I'm just going to be transparent with you. When I read these papers over, I thought, I have a debt to write on the law, but this case looks like it has substantial debt on it because it's been up here once before. It's the stage setting to me that makes it look worse than it is, because legally I am correct, and I also am concerned about the precedential effect of a decision along the lines of what the defendants say for future cases. I would like to make two points based on what Mr. Freiman just said. First of all, Judge Ambrose, you asked him directly, how do they get review of the decertification decision? Something I think we all agree should happen if they have a right to. His answer was, they tried individually. There was no answer as to how you get a review of that decertification decision. Because quite honestly, of course, the defendants don't want a review of the decertification decision. They want this thing over. And I understand that, and that is their position, but as a matter of law and jurisprudence, that is not correct. There has to be an avenue to appeal it. And we tried it early. The porridge was too hot. We'll try it later. The porridge is too cold. Why does there have to be? Why does it have to be? Why does there have to be an avenue? Well, I think it would be quite surprising to say there can be no appellate review of a collective action decertification. Why would that be surprising? We went through decades where there was no clear avenue of appeal in the Rule 23 setting in class action litigation from a certification or refusal to certify. In fact, it was not until 2002 that we got through the various amendments, 23F, which provided for an interlocutory appeal. Up to that point, it was not clear at all. People would try Man Davis. People tried Rule 54. People tried various ways. So if we had that in such a clear procedural vehicle as the class action, why here, where we have so little statutory guidance and no rules guidance, can it just not be, according to you, that there's no clear path? I would have two responses to that. First, in some ways, if this court is willing to hold, there is no collective action, there is no view of collective action decertification decisions, or there's a way for that to make it unreviewable. May I continue around here? Sure. If the court is willing to hold that and concludes that in the backseat there is no jurisdiction, I lose. Absolutely. I think that would be an abrupt departure from Cooper's Library and Supreme Court decisions. The implicit holding in Canisi, it would be divergent from all our courts. I think it would be bad policy that you have decisions from a district judge that are unreviewable on appeal through machinations down below. It may be bad policy. My question was simply based upon your statement that it just cannot be, and I give you history to show that it has been in another setting. Under Cooper's Library, under Rule 23, there have been appeals, and I think there have been. I would also say, too, let me descend from that policy argument to the specifics. Your Honor, it was correct from the start to point out the differences between Rule 23 and 216B. They are different. Very different. One of the principal differences, there is guidance under Rule 216B, as Your Honor knows. A party, an employee does not become a party to a 216B collective action until they opt-in, affirmatively say they want to opt-in to the action. If they do not sign that document saying they opt-in, they are not a party to the lawsuit. They can never be made party to the lawsuit. Second of all, the statute of limitations only stops running when they affirmatively opt-in. It is not a representative action. It, as Mr. Fineman says, is more akin to jointer. And the statute explicitly says, if you look at the text of 216B, it says that a person becomes a party plaintiff, a party, upon opting in. And under Prickett v. DeKalb County, 349F3-1294 out of the 11th Circuit, 11th Circuit was clear, they become a party plaintiff for all purposes. So, they are a party. That's different than Rule 23. And that also means that, fine, if you buy off, cash out, whatever the word is, the named plaintiff, well, guess what? You are in a different situation, defendant. You have only bought very limited peace. Because you still have hundreds of people still in the lawsuit. And those hundreds of people still in the lawsuit, whose claims were dismissed, and whose collective action allegations were dismissed with prejudice, are parties. They're in the caption. They can appeal. They can appeal the adverse decision against them. So, it is the text of 216B that requires appellate jurisdiction here. Because they are now parties. And we have parties to a lawsuit. They are entitled, on judgment, as Canisi held, to appeal decisions adverse to them. So, textually, this is different than Rule 23. And it is that basis, the fact that they are parties, and they were not paid off, and they still have claims, and they have adverse decision against them that allows them to appeal. Thank you very much. Thank you to both counsel for very well presented arguments. And we'll take the matter under advisement.